IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAURA J. HORAH, : | |
| : | |
| Plaintiff, : | |
| : | C.A. NO. 04-1323(JJF) |
| v. : | |
| : | |
| REMLINE CORP., : | JURY TRIAL DEMANDED |
| a Delaware corporation, : | |
| : | |
| Defendant. : | |

## PLAINTIFF LAURA HORAH'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff Laura J. Horah, by and through her undersigned counsel, hereby propounds the following Answers to Defendant Remline Corp.'s First Set of Interrogatories, pursuant to Federal Rule of Civil Procedure 33.

### INSTRUCTIONS

A.     You are hereby required, under oath in accordance with Fed. R. Civ. P. 33, to answer the following Interrogatories within 30 days of service.

B.     In answering these Interrogatories, furnish all information in your possession or in the possession of your officers, agents, employees, attorneys, and investigators for your attorneys.

C.     If you cannot answer the following Interrogatories in full after exercising due diligence to secure the information to do so, state the answer to the extent possible, specifying your inability to answer the remainder, and state whatever information you have concerning the unanswered portion.

D.  These Interrogatories are continuing. If you or your attorney become aware of the existence of any information within the scope of these Interrogatories after your answers have been served, such additional information shall be immediately provided to Defendant's attorneys.

E.  Each Interrogatory is to be answered separately.

F.  If you object to any of these Interrogatories or document requests on the ground that the information or documents sought is privileged, please provide with your answer a privilege log containing the following for each such piece of information or document: the date of the information or document, the nature of the information or document, the subject matter of the information or document, the participant in the communication of information or the author(s) and recipient(s) of the documents, the privilege which you claim protects the information or document, and all persons having knowledge of the information sought, or any person having possession, custody or control of the original documents and all copies thereof.

## DEFINITIONS

A.  The word "document" or "documents" as used herein shall include without limitation the original and any non-identical copy of any written, recorded, or graphic matter, however produced or reproduced, including, but not limited to, any correspondence, memoranda, notes of meetings, telegrams, reports, medical records, statements, transcripts of telephone conversations or any other writings of documentary material of any nature whatsoever, other photographic and retrievable matter (whether taped or coded, electrostatically, electromagnetically, or otherwise) in possession, custody, or control of the above-named Plaintiff and/or her attorneys.

B.  The words "you" or "your" or "Plaintiff" shall mean Laura J. Horah, and shall include any and all agents or representatives thereof and/or any individual or other organization acting on her behalf.

C.  "Person" means and includes any individual, corporation, partnership, association or other entity.

D.  "And" as well as "or" as used herein shall be read and applied as though interchangeable, and shall be construed either disjunctively or conjunctively so as to require the fullest and most complete disclosure of all requested information and documents.

E.  The term "identify" as used herein in connection with a "person" or "persons" means: state the name, present address, the person's business affiliation and title or employer and position as the case may be at the times relevant to the response, the person's last known employers, positions, and employers' address and telephone number, and the responsibilities held by the person during the times relevant to the response.

F.  The term "identify" as used herein in connection with a document means:

(1)  Furnish the name and date of the document, the name and address of the person originating the document, the names and addresses of all persons to whom copies of the document were to have been sent, nature of the document (e.g., letter, memorandum, etc.), subject matter, number of pages, and a summary of its contents.

(2)  State whether you are in possession of the original of the document or a copy thereof, and if not in possession of the original nor a copy, furnish the name and address of the custodian of the original copy.

G.  The term "identify" when respect to communication shall mean to indicate whether the communication was oral or embodied or evidenced by a document. If the latter is the case, please identify the communication in accordance with the instruction for identifying documents set forth in paragraph "F" above. If the communication was oral, please identify all conversations or other oral communications pertaining to the subject matter of the Interrogatory and include the following information: the date of transmittal, the place or location at which the communication occurred, including the state, city, street address and name or nature of the premises, whether the communication occurred over the telephone or other electronic device, or at a face to face meeting, please identify each of the persons participating in such communication and each person in the immediate presence of such persons participating therein, a brief description of the subject matters discussed, and a brief description of the statement made by each person participating in such communication.

H.  The term "identify" with respect to an act, transaction or occurrence means tell, articulate, specify, relate, state or explain every fact necessary to describe such event fully and completely, including the following information for each event: the date such event occurred, the nature of such event, the subject matter of such event, each participant in the event, including each witness of such event, any privilege which you claim protects any information associated with this event, and all persons having knowledge of such event, including all persons having possession, custody or control of any document of such event or copies thereof.

I. As used herein, the words "record" or "records" include any formal or not formal, official or not official, memorandum or written preservation of any events, actions taken, and details thereof, inquired into here.

J. As used herein, a "communication" is any transmission or exchange of information, written or oral, formal or informal, regarding any event, action taken, or policy here inquired into.

K. "Concerning" is used in its broadest sense and shall mean concerning, referring or relating in any way to the subject matter.

L. Whenever the context in which words are used in these Interrogatories indicates or suggests that such is the intent, words in the singular shall include the plural and vice versa, and words in the masculine, feminine or neuter shall include each of the other genders.

## INTERROGATORIES

1. Identify each person who has knowledge of the facts alleged in the pleadings, stating for each person the facts about which each such person has knowledge.

**ANSWER:**

**Sandra Reardon; Joseph Reardon; Stephanie Petrella; Darcia Durrell; Michelle McKelvey; Dana Treut; Greg Marcozzi; Barbara Norton; Tammy Beeson; June Dalecki; Jennifer Tyree; Heather Payne; Ebeth Haartz; Edina Buzgon; Linda Moreland; Amy Brown; Bill Burriss; Susan Domingo; Mary Payne; Tiffany Young; Christine McNulty Meehan; Deborah Shelton; Rita Kochendorfer.**

2.  Identify all persons, other than your attorneys, with whom you have discussed the matters that are the subject of this lawsuit, and supply the address and telephone number of each such person.

**ANSWER:**

**None.**

3.  Identify each document that you have, and each document of which you are aware, which relates to any alleged wrongful act by Defendant, the claims made in the Complaint, or the facts of this case.

**ANSWER:**

**A copy of various correspondence to and from Defendant.**

**A copy of Plaintiff's employee/personnel file (to be requested from Defendant).**

**A copy of Plaintiff's performance evaluations (to be requested from Defendant).**

**A copy of a memo from Stephanie Petrella dated June 1, 2001 regarding "5:00 departures."**

**A copy of the Remline Employee Handbook (to be requested from Defendant)**

4.  With regard to any alleged statement made by Defendant or any agent of Defendant, whether oral or written, which you contend constitutes an admission and upon which you may rely at trial, please give a complete recitation thereof, state the date and place of its making and identify the person or persons who made it and who were present when it was made or written.

**ANSWER:**

**Plaintiff will refer to the memorandum from Stephanie Petrella dated June 1, 2001 entitled "5:00 Departures" demanding "[y]ou should not be out the door at 5:00. You shouldn't even begin to clean up your stuff until after 5:00."**

5.  Describe in detail each way in which you contend you were injured or have suffered damages as a result of the claims made in your Complaint, including, but not limited to: (a) stating the total amount of damages claimed for pecuniary or financial losses of any kind; (b) itemizing the amount of each element of damages claimed; (c) stating all facts or grounds upon which you rely to support each element of damages claimed; (d) stating the methods, theories and calculations by which you arrived at the claimed dollar amounts of each element of damages claimed; (e) identifying any person (including expert witnesses) whom you know or whom you believe has knowledge of the basis for and calculation of such damages; and (f) identifying the person(s) who calculated the amount of each element of damages claimed.

**ANSWER:**

**Objection. It is not possible for Plaintiff to determine the exact amount of damages at this time. Without waiving said objection, Plaintiff has, however, approximated the amount of unpaid overtime hours owed to her to be approximately 553.5 hours, not including Plaintiff's hours that she worked while on vacation or working from her home, and also excludes any profit sharing bonuses that were not paid to Plaintiff. Plaintiff will attempt to express an approximate monetary total in her upcoming settlement demand.**

6. Please identify all non-monetary relief you are seeking and the basis for your request for such relief.

**ANSWER:**

**Plaintiff is not seeking any non-monetary relief.**

7. Identify each expert retained or employed by you in anticipation of this litigation or preparation for trial; whether or not you expect to call him/her as a witness at trial; and for each such person state the date of initial employment and identify any reports, letters, other documents or memoranda, photographs, models or other tangible objects prepared by such expert.

**ANSWER:**

**Plaintiff has not retained any experts at this time. Should Plaintiff retain any witnesses in the future, they will be provided as a supplement to these Answers to Interrogatories.**

8. Identify any expert you expect to call as an expert witness at trial and; state the subject matter on which the expert is expected to testify; provide a summary of the facts and opinions to which the expert is expected to testify; and give a summary of the grounds for each opinion, as required under Court Rules.

**ANSWER:**

**Plaintiff has not retained any experts at this time. Should Plaintiff retain any witnesses in the future, they will be provided as a supplement to these Answers to Interrogatories.**

9. Identify all job positions you have held since your termination from employment with Defendant, and for each position, identify the dates of employment, the employer, its address, the job duties, the rate of compensation, and the reason for leaving.

**ANSWER:**

**Plaintiff works for the University of Delaware:**

**January 2005 – present; Staff Assistant; salary $26,295.00 per year; still employed.**

**June 2004 – January 2005; Senior Secretary; salary $23,300 per year; received new position.**

10. If you contend that your weekly salary was ever improperly docked or reduced, identify the week(s) when the improper docking occurred and the amount of the alleged deduction.

**ANSWER:**

**Plaintiff does not contend her weekly salary was ever improperly docked or reduced; her only issue is that she was not paid overtime for hours worked beyond 40 per week.**

11. Identify with specificity all hours of overtime you are claiming you worked during the period of October 1, 2001 though October 1, 2004, and include the date the overtime hours were worked, the type of work you performed on that date, and any documents that support or relate to your claim.

**ANSWER:**

**Objection. It is not possible for Plaintiff to determine the exact amount of damages at this time. Without waiving said objection, Plaintiff has, however, approximated the amount of unpaid overtime hours owed to her to be approximately 553.5 hours, not including Plaintiff's hours that she worked while on vacation or working from her home, and also excludes any profit sharing bonuses that were not paid to Plaintiff. Plaintiff will attempt to express an approximate monetary total in her upcoming settlement demand.**

12. Identify all facts that support your contention that Defendant knowingly and intentionally violated the Fair Labor Standards Act.

**ANSWER:**

**Objection. This Interrogatory asked Plaintiff to state a legal conclusion or opinion. Without waiving said objection, Defendant violated the Fair Labor Standards Act when it failed to pay Plaintiff overtime for hours worked in excess of 40 per week.**

13.  Identify all individuals who have knowledge of your job duties as Director of Purchasing with Defendant.

**ANSWER:**

**Sandra Reardon, Joseph Reardon, Stephanie Petrella, June Dalecki, Edina Buzgon, Rita Kochendorfer, Susan Hassman, Jennifer Tyree, Gerry Frey, Dana Treut, and Darcia Durrell.**

14.  Identify all individuals at Defendant who supervised your duties as Director of Purchasing.

**ANSWER:**

**Sandra Reardon, Joseph Reardon, and Stephanie Petrella.**

MARGOLIS EDELSTEIN

_/s/ Jeffrey K. Martin_
Jeffrey K. Martin, Esquire (#2407)
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4680
(302) 777-4682 fax
jmartin@margolisedelstein.com
Attorney for Plaintiff

Dated: April 15, 2005

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAURA J. HORAH, : | |
| : | |
| Plaintiff, : | |
| : | C.A. NO. 04-1323(JJF) |
| v. : | |
| : | |
| REMLINE CORP., : | JURY TRIAL DEMANDED |
| a Delaware corporation, : | |
| : | |
| Defendant. : | |

## CERTIFICATE OF SERVICE

I, Jeffrey K. Martin, do hereby certify that on April 13, 2005, I electronically filed the foregoing *Plaintiff's Answers to Defendant's First Set of Interrogatories* and the *Certificate of Service* for same with the Clerk of the Court using CM/ECF which will send notification of such filing, and have also sent two (2) true and correct copies of *Plaintiff's Answers to Defendant's First Set of Interrogatories* and the *Certificate of Service* for same via First Class U.S. Mail, postage prepaid to the following:

Scott A. Holt, Esquire
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

MARGOLIS EDELSTEIN

_____
Jeffrey K. Martin, Esquire (#2407)
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4680
(302) 777-4682 fax
jmartin@margolisedelstein.com
Attorney for Plaintiff

Dated: April 15, 2005